62 F.3d 1395
 17 ITRD 1553
 NORFOLK AND WESTERN RAILWAY CO., Plaintiff-Appellant,
v.
The UNITED STATES of America, United States Customs Service
and George Weise, in his capacity as Commissioner
of the United States Customs Service,
Defendants-Appellees.
 No. 95-1124.
 United States Court of Appeals,
Federal Circuit.
 Aug. 4, 1995.
 
 Dennis J. Levasseur, Bodman, Longley & Dahling, L.L.P., Detroit, MI, argued, for plaintiff-appellant.
 Velta A. Melnbrencis, Asst. Director, Commercial Litigation Branch, Dept. of Justice, Washington, DC, argued, for defendants-appellees. With her on the brief, were Frank W. Hunger, Asst. Atty. Gen. and David M. Cohen, Director. Also on the brief, was Richard K. McManus, Asst. Chief Counsel, U.S. Customs Service, of counsel.
 Before RICH, LOURIE, and RADER, Circuit Judges.
 RADER, Circuit Judge.
 
 
 1
 The United States Customs Service classified Norfolk & Western Railway Company's (N & W's) watercraft used to carry railroad cars as ferries and assessed appropriate user fees. The Court of International Trade upheld the classification. Norfolk & W. Ry. v. United States, 869 F.Supp. 974, 983 (Ct.Int'l Trade 1994). Because N & W's watercraft are ferries under the plain language of the classification statute, this court affirms.
 
 BACKGROUND
 
 2
 Customs collects user fees on watercraft entering the United States from Canada. 19 U.S.C. Sec. 58c (1988 & Supp. V 1993). Customs classifies watercraft used to carry railroad cars as, inter alia, "ferries" or "barges" and assesses user fees on them. For a ferry, Customs charges fees by railroad car and collects $7.50 per car, with a $100 cap per car per year. 19 U.S.C. Secs. 58c(a)(3), (b)(3). For a barge, Customs charges fees per barge arrival and collects $100 per arrival, with a $1,500 cap per barge per year. 19 U.S.C. Secs. 58c(a)(8), (b)(6). Customs charges no per car fee for the arrival of railroad cars transported "by any vessel that is not a ferry." 19 U.S.C. Sec. 58c(b)(7).
 
 
 3
 Because of this section 58c(b)(7) exemption, classification of N & W's watercraft as a barge results in lower fees than classification as a ferry. If watercraft were classified as a ferry, the importer would have to pay $7.50 for each railroad car entering the United States, with a $100 annual cap per car. If, however, watercraft were classified as a barge (that is, not a ferry), the importer would pay $100 for each barge arrival, with a $1,500 annual cap per barge, but would pay no fee for the railroad cars.
 
 
 4
 N & W transports railroad cars from Canada to Detroit across the Detroit River. It ships eleven cars per trip, on large watercraft propelled by tugboats. In 1992, N & W shipped 7,307 cars by watercraft. Customs classified N & W's watercraft as barges until 1991. In that year, Customs audited N & W and reclassified its watercraft as ferries. N & W protested the reclassification and sought review in the Court of International Trade. The court granted summary judgment that Customs properly classified N & W's watercraft as ferries and that the user fee exemption did not apply. Norfolk, 869 F.Supp. at 983. N & W appeals.
 
 DISCUSSION
 
 5
 This court reviews the Court of International Trade's grant of summary judgment de novo. Guess? Inc. v. United States, 944 F.2d 855, 857 (Fed.Cir.1991).
 
 I.
 
 6
 This case turns on statutory interpretation, namely whether Customs properly classified N & W's watercraft as ferries for assessment of user fees. The applicable statute, 19 U.S.C. Sec. 58c(c)(1), defines a "ferry" as follows:
 
 
 7
 The term "ferry" means any vessel which is being used--
 
 
 8
 (A) to provide transportation only between places that are no more than 300 miles apart, and
 
 
 9
 (B) to transport only--
 
 
 10
 (i) passengers, or
 
 
 11
 (ii) vehicles, or railroad cars, which are being used, or have been used, in transporting passengers or goods.
 
 Section 58c(c)(5) also defines a "barge":
 
 12
 The term "barge or other bulk carrier" means any vessel which(A) is not self-propelled, or
 
 
 13
 (B) transports fungible goods that are not packaged in any form.
 
 
 14
 The plain language of a statute is the starting point for determining its meaning. Watt v. Alaska, 451 U.S. 259, 265, 101 S.Ct. 1673, 1677, 68 L.Ed.2d 80 (1981); Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc., 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). Under the plain language of sections 58c(c)(1) and (5), N & W's watercraft are both ferries and barges. The watercraft are ferries because they travel less than 300 miles and transport railroad cars. See 19 U.S.C. Sec. 58c(c)(1)(A), (B)(ii). They are barges because they are not self-propelled. See 19 U.S.C. Sec. 58c(c)(5)(A).
 
 
 15
 It is irrelevant to the user fee exemption in section 58c(b)(7) that the watercraft are barges as well as ferries. The exemption applies only to "any vessel that is not a ferry." 19 U.S.C. Sec. 58c(b)(7). N & W's watercraft are clearly ferries under the unambiguous statutory definition. Thus, Customs properly applied the statute. See Chevron U.S.A., Inc. v. Natural Resources Defense Council, 467 U.S. 837, 842-43, 104 S.Ct. 2778, 2781-82, 81 L.Ed.2d 694 (1984).
 
 
 16
 In addition, where a term may be described either specifically or generally, ordinary rules of statutory interpretation favor the more specific definition. See Rowland v. California Men's Colony, --- U.S. ----, ----, 113 S.Ct. 716, 720, 121 L.Ed.2d 656 (1993). The definition of "ferry" expressly includes watercraft that transport railroad cars. 19 U.S.C. Sec. 58c(c)(1)-(B)(ii). The definition of "barge" does not. 19 U.S.C. Sec. 58c(c)(5). Therefore, the definition of "ferry" more specifically describes N & W's watercraft, which transport railroad cars, than does the definition of "barge." For this reason as well, N & W's watercraft are properly classified as ferries. Thus, again, the Court of International Trade properly denied N & W the statutory user fee exemption.
 
 CONCLUSION
 
 17
 N & W's watercraft are ferries under the plain language of the statute. N & W is not entitled to the statutory user fee exemption for watercraft other than ferries. Therefore, this court affirms the Court of International Trade's decision.
 
 COSTS
 
 18
 Each party shall bear its own costs.
 
 
 19
 AFFIRMED.